

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-86,128-01

**EX PARTE CHARLIE LEE STEWART, SR., Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 70638-A IN THE 426TH DISTRICT COURT FROM BELL COUNTY

*Per curiam*. ALCALA, J., filed a concurring opinion.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of continuous sexual abuse of a young child and sentenced to sixty years' imprisonment. The Third Court of Appeals affirmed his conviction. *Stewart v. State*, No. 03-13-00803-CR (Tex. App.—Austin Nov. 17, 2015)(not designated for publication).

Applicant contends, among other things that his trial counsel rendered ineffective assistance because counsel (1) interfered with the contract between Applicant and retrained counsel, creating

a conflict of interest, (2) failed to meaningfully communicate with Applicant and call any witnesses, (3) failed to make timely objections to the State's motion-in-limine, Rule 412, and defective indictment, (4) failed to file a motion to suppress the illegally seized panties, (5) failed to consult with Applicant on the findings of the investigation report, (6) failed to prepare Applicant to testify on his own behalf and failed to advise Applicant of the ramifications of taking the stand, (6) failed to cross-examine Shontaye Glasper, (7) failed to request jury instructions on the admissibility of the panties that were illegally seized, and (8) failed to present a defense.

Applicant also contends that his appellate counsel rendered ineffective assistance because counsel failed to brief the issue of the improper admission of extraneous offenses on direct appeal.

Applicant has alleged facts that, if true, might entitle him to relief. *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000); *Strickland v. Washington*, 466 U.S. 668 (1984). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel and appellate counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's appellate counsel was deficient and, if so, whether

counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: February 15, 2017
Do not publish